## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ADAPTIVE MOBILITY SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| AMS VANS, LLC; BEYOND MOBILITY, INC.; VANTAGE MOBILITY INTERNATIONAL, LLC; | ) ) ) | |
| NAUTIC PARTNERS, LLC; | ) | **JURY TRIAL DEMANDED** |
| KIP CRUM, | ) ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff, Adaptive Mobility Systems, Inc. ("Plaintiff" or "Adaptive") for its complaint against Defendants, AMS Vans, LLC ("AMS Vans"), Beyond Mobility, Inc. ("Beyond Mobility"), Vantage Mobility International, LLC ("Vantage"), Nautic Partners, LLC ("Nautic"), and Kip Crum ("Crum") (collectively, "Defendants"), alleges as follows:

1.

This is a civil action for federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and related state claims.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff is a Georgia Corporation with its principal place of business at 2072 N. Bibb Dr., Tucker, Georgia, 30084.

3.

On information and belief, Defendant AMS Vans is a Delaware limited liability company, with a principal place of business at 50 Kennedy Plaza, 12th Floor, Providence, Rhode Island, 02903. On information and belief, AMS Vans is a wholly-owned subsidiary of Nautic.

4.

On information and belief, Defendant Beyond Mobility, Inc., (formerly known as AMS Vans, Inc.) is a Georgia corporation, with a principal place of business at 1560 Park Shore Drive, Cumming, Georgia, 30041. On information and belief, Beyond Mobility is a wholly-owned subsidiary of Vantage.

5.

On information and belief, Defendant Vantage is an Arizona limited liability company with a principal place of business at 5202 S. 28th Place, Phoenix, Arizona

85040.   On information and belief, Vantage is a wholly-owned subsidiary of Nautic.

6.

On information and belief, Defendant Nautic is a Delaware limited liability company, with a principal place of business at 50 Kennedy Plaza, 12th Floor, Providence, Rhode Island, 02903.

7.

On information and belief, Defendant Crum is an individual domiciled in the state of Georgia, which an address of 1560 Park Shore Drive, Cumming, Georgia 30041.

8.

This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

9.

This Court has personal jurisdiction over the Defendants because, on information and belief, Defendant AMS Vans is registered to do business and does substantial business within the State of Georgia, Defendant Beyond Mobility is a

3

Georgia corporation, Defendant Crum is domiciled in the state of Georgia, Defendants Vantage and Nautic transact substantial business in the State of Georgia, all Defendants have committed tortious acts within the State of Georgia, and all Defendants have derived substantial revenue and engaged in a persistent course of conduct within the State of Georgia, and the claims alleged herein arise out of such acts and/or have otherwise established contacts within the State of Georgia making the exercise of personal jurisdiction over the Defendants proper.

10.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant Crum resides within this judicial district, Defendants AMS Vans, Beyond Mobility, Vantage, and Nautic all conduct business within this judicial district, and a substantial part of the events giving rise to Plaintiff's claim has occurred within this judicial district and, unless enjoined, will continue to occur within this judicial district.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11.

Plaintiff is a leading wheelchair accessible van conversion company founded in 1979.

4

12.

Since at least as early as 1999, Plaintiff has used the trademarks ADAPTIVE MOBIILTY SOLUTIONS and AMS (collectively, the "AMS Marks") as a designation of source for its van conversion products and services, placing the AMS Marks on the name plates of the physical products as well as the related marketing and advertising materials.

13.

Plaintiff has made significant investments of time, money and other resources to promote and maintain the integrity and goodwill of its highly regarded products and services sold under the AMS Marks. As a result of these efforts, Plaintiff enjoys a reputation of the highest quality under the AMS Marks which mark represents an enormous amount of goodwill.

14.

Beginning in 2002, Plaintiff began purchasing unconverted vans from Defendant Crum which Plaintiff would then convert. Shortly thereafter, Plaintiff and Defendant Crum discussed entering into a business arrangement whereby Defendant Crum would market and sell the vans that had been converted by Plaintiff.

15.

At this time, Plaintiff granted Defendant Crum and his newly formed entity, AMS Vans, Inc., an oral license to use the AMS Marks solely in connection with the marketing and sale of vans converted by Plaintiff for the benefit of Plaintiff. Under this arrangement, AMS Vans, Inc. (now known as Defendant Beyond Mobility) would purchase the vans, Plaintiff would convert the vans, and AMS Vans, Inc. would market and sell the vans.

16.

Plaintiff provided Defendant Crum with a list of actual and target customers and authorized the registration of several domain names incorporating the AMS Marks including, <amsvans.com> and <adaptivemobilitysystems.com>. During this time, Defendant Crum also moved his business operations onto Plaintiff's premise, rent free.

17.

For the next fifteen years, from 2002-2017, Plaintiff, Defendant Crum, and Crum's entity AMS Vans, Inc. (now known as Defendant Beyond Mobility) worked together in a business relationship whereby Defendant Crum and AMS

Vans, Inc. used the licensed AMS Marks to market and sell the vans converted by Plaintiff.

18.

On September 15, 2017, Defendant AMS Vans, LLC was registered in Georgia as a foreign limited liability company. The AMS Vans, Inc. entity changed its name on Sept. 29, 2017, to Beyond Mobility, Inc.

19.

Upon information and belief, in October, 2017, Defendant Beyond Mobility was acquired by Defendant Vantage. Upon information and belief, Defendant Vantage and Defendant AMS Vans are both owned, at least in part, by Defendant Nautic.

20.

Upon information and belief, Defendants Vantage and Nautic, as the parent companies and owners of Defendants AMS Vans and Beyond Mobility, have substantial control over the use of the AMS Marks by the Defendants. Upon information and belief, Defendants Vantage and Nautic also substantially profit from the use of the AMS Marks and have directed Defendants Crum, AMS Vans, and Beyond Mobility to continue use of the AMS Marks.

21.

Upon information and belief, Defendant Vantage conspired with Defendant Nautic and Defendant Crum to acquire Beyond Mobility at least in part to unlawfully exploit the AMS Marks.

22.

Upon information and belief, Defendants Vantage, Nautic, AMS Vans, Beyond Mobility, and Crum knew that, at the time of the acquisition of Beyond Mobility and the creation of AMS Vans, Adaptive possessed all rights in and to the AMS Marks, and that Beyond Mobility and AMS Vans lacked rights in and to the AMS Marks. Upon information and belief, the Defendants Vantage, Nautic, Beyond Mobility, AMS Vans, and Crum decided nonetheless to use their considerable financial power to misappropriate the AMS Marks and, in particular the AMS trademark, on the mistaken belief that Adaptive lacked the means to resist the Defendants' unlawful use of the AMS Marks.

23.

On October 3, 2017 Plaintiff's principal Robert Boston sent a letter to Defendant Beyond Mobility, Inc. (f/k/a AMS Vans, Inc.) and Defendant Crum terminating the relationship and trademark license.

24.

In December 2017, Defendant AMS Vans applied to register a federal trademark for various conversion goods and services incorporating the AMS trademark without the consent or authorization of Plaintiff. *See* Exhibit 1, attached hereto.

25.

Despite Plaintiff's termination of the trademark license, and the fact that some Defendants were never licensed to use the AMS Marks at any time, Defendants continue to market and sell converted vans and van conversion services under the AMS trademark, including via the <amsvans.com> website.  See Exhibit 2, attached hereto.

26.

Upon information and belief, Defendant Crum is the registrant of record of the domain names <www.adaptivemobilitysystems.com> and <www.amsvans.com> (the "Domain Names").  Crum has refused to transfer ownership of the Domain Names to Plaintiff.

27.

Defendants' willful and unauthorized use of the AMS trademark in connection with goods and services that are identical to those offered by Plaintiff under the AMS Marks has caused confusion among the relevant consuming public as to the continued relationship between Plaintiff and Defendants.

28.

Plaintiff has acquired strong rights in the AMS Marks based on continued use since at least as early as 1999 and the AMS Marks are at least distinctive.

29.

Plaintiff has gone to great lengths to develop the AMS Marks, and through these efforts, the AMS Marks have become widely associated with Plaintiff's business and its quality goods and services.

30.

Defendants' knowingly infringing use of the AMS trademark: (i) is likely to cause confusion in the marketplace with respect to the goods and services associated with the AMS Marks, (ii) is irreparably harming Plaintiff's reputation and goodwill, and (iii) constitutes willful trademark infringement and unfair competition in violation of federal and state law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION
## 15 U.S.C. § 1125(A)

### 31.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 30 as if set forth fully herein.

### 32.

This count arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### 33.

Defendants' use of the AMS trademark is a knowingly false description or representation or false designation of origin as to the goods and services offered by Defendants in commerce, which has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff.

### 34.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendants' conduct is enjoined. Plaintiff has no adequate remedy at law.

35.

Plaintiff seeks judgment against Defendants for all relief available to it under the Lanham Act, including injunctive relief, attorney's fees, costs, Defendants' profits and actual damages (to be multiplied to an amount not exceeding three times such actual damages and profits pursuant to 15 U.S.C. § 1117), and such other further, different relief as the court may deem appropriate.

## COUNT II: CYBERSQUATTING

36.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 35 as if set forth fully herein.

37.

This count arises under 15 U.S.C. § 1125(d)(1).

38.

Defendants continued registration and use of the <adaptivemobilitysystems.com> and <amsvans.com> domain names, including use of third party sponsored advertisements on the website associated with the Domain Names, is intended to create profit for Defendants and is maintained in bad faith.

39.

Defendant's acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d)(1).

40.

Plaintiff is entitled to recover from the Defendants: (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the willful nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages. Plaintiff is also entitled to an order transferring the Domain Name and any other domain name incorporating a mark identical or confusingly similar to one or more of the AMS Marks to Plaintiff.

## COUNT III: GEORGIA STATUTORY UNFAIR COMPETITION

41.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 40 as if set forth fully herein.

42.

Defendants' actions as alleged herein constitute intentionally deceptive encroachment upon Plaintiff's business and a fraud in violation of O.C.G.A. § 23-2-55.

43.

Defendants' conduct as alleged herein has been willful and intentional and has caused a likelihood of confusion.

44.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendants' conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT IV: VIOLATION OF GEORGIA DECEPTIVE TRADE PRACTICES ACT

45.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 44 as if set forth fully herein.

46.

This count arises under O.C.G.A. §§ 10-1-372 and 10-1-373.

47.

Defendants have engaged in a deceptive trade practice because it has willfully passed off its goods services as those of another, has caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its services or as to affiliation, connection, or association with or certification by another, or has represented that its services have sponsorship or approval that they do not have.

48.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendants' conduct is enjoined. Plaintiff has no adequate remedy at law.

49.

Plaintiff seeks judgment against Defendants for all relief available to it under the Georgia Deceptive Trade Practices Act, including injunctive relief, attorney's fees, costs, and such other further and different relief as the court may deem appropriate, including damages and profits as may be available at common law.

## COUNT V: UNJUST ENRICHMENT

50.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 49 as if set forth fully herein.

51.

Defendant's actions as alleged herein have been conducted with the purpose and effect of deriving unjust benefit from deceiving and misleading the public as to the nature, character, and origin of Defendants' products and services.

52.

Defendant's actions have resulted in, and are likely to further result in, the unjust enrichment and/or benefit of Defendants at the expense of Plaintiff, requiring restitution.

53.

Defendant's conduct as alleged herein has been willful and intentional and has caused a likelihood of confusion.

54.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendants' conduct is enjoined. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A.      That the court declare, adjudge and decree that the Defendants, by their actions, have willfully and knowingly infringed, and are now willfully and knowingly infringing, upon Plaintiff's rights under the applicable federal and state trademark law, with the intent to cause confusion, mistake or to deceive.

B.      That Defendants, their respective officers, agents, employees, servants, attorneys, and all persons in active concert or participation with it be enjoined as follows:

1.      From using the AMS trademark, the AMS Marks or any mark confusingly similar to the AMS Marks;

2.      From use of the AMS Marks (and any similar marks) in any domain name used by Defendants, and terminate the use of any meta tags or key words that use the AMS Marks or any similar wording used in any way to direct traffic to its website;

3.      From committing any acts calculated to cause purchasers or consumers to believe that the Defendants' products or services

originate with or are produced or sold under the control and supervision of Plaintiff, or are affiliated, connected, associated, sponsored, guaranteed or approved by Plaintiff;

4.      From registering or attempting to register any trademarks with the United States Patent and Trademark Office incorporating the AMS Marks;

5.      From further infringing Plaintiff's AMS Marks and damaging its goodwill; and

6.      From otherwise competing unfairly with Plaintiff in any manner.

C.      That Defendants, and all of Defendants' officers and directors, agents, suppliers, servants, employees, and attorneys, and all persons acting in concert and participation with them, be ordered to perform the following acts:

1.      Destroy and/or revise, as appropriate, any and all marketing and sales materials to delete any use of the AMS Marks (and any marks similar to the AMS Marks);

2.      Remove all references to the term AMS from Defendant's website;

18

3.      Cease and desist from any use of the term AMS (and any similar marks) in any domain name used by Defendants, and terminate the use of any meta tags or key words that use the name AMS or any similar wording used in any way to direct traffic to Defendant's website;

4.      File with this Court and serve on Plaintiff's counsel within ten (10) days of the entry of this Order, a report in writing under oath, setting forth the manner and form in which Defendant, and all of Defendant's officers and directors, agents, suppliers, servants, employees and attorneys, and all persons acting in concert and participation with them have complied with this Order; and

5.      Transfer <adaptivemobilitysolutions.com>, <amsvans.com>, and any other domain names incorporating any of the AMS Marks, or using terms confusingly similar to any of the AMS Marks, to Plaintiff.

D.      That Defendant be required to account for and pay to Plaintiff all profits derived by Defendant resulting from its use of the AMS Marks.

E.      That Plaintiff be awarded treble damages under the Lanham Act.

F.      That Plaintiff be awarded statutory, compensatory, and/or punitive damages under Georgia law.

G.     That Plaintiff be awarded its costs and attorney's fees.

H.     That Plaintiff be awarded prejudgment interest.

I.     That Plaintiff be granted such further and different relief as the case may require and as the court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted this 30th day of May, 2018.

BARNES & THORNBURG LLP

*/s/ Jeffrey C. Morgan*
Jeffrey C. Morgan
Georgia Bar No. 522667
Prominence in Buckhead
3475 Piedmont Rd., NE, Suite 1700
Atlanta, Georgia 30305
Tel. (404) 264-4015
Fax. (404) 264-4033
jeff.morgan@btlaw.com

Attorneys for Adaptive Mobility
Systems, Inc.